Ryan BURNS, by his mother and next friend, Donna BURNS, Petitioner,

v.

SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.

No. 93–5089.

United States Court of Appeals, Federal Circuit.

Aug. 16, 1993.

may have been "off the top of one's head" views.

Donna M. Burns, pro se.

Virginia A. Kozak, Dept. of Justice, Washington, DC, for respondent.

Before MAYER, CLEVENGER, and RADER, Circuit Judges.

RADER, Circuit Judge.

Petitioner Donna Burns appeals the December 22, 1992 decision of the United States Court of Federal Claims denying her compensation under the National Vaccine Injury Compensation Program. This court affirms.

## BACKGROUND

On September 12, 1990, petitioner filed a petition for compensation on behalf of her minor son, Ryan, under the National Childhood Vaccine Injury Program. 42 U.S.C. § 300aa–10– to –34. (1988 & Supp. III 1991). Petitioner alleged that her son suffered an encephalopathy and residual seizure disorder due to his second diphtheria-pertussis-tetanus (DPT) immunization on March 13, 1980.

On July 17, 1991, the Secretary of Health and Human Services filed a report recommending against compensation because the contemporaneous medical records did not support any seizure activity within three days of Ryan's second vaccination. The special master issued an order requiring petitioner to file the affidavit of a medical expert, qualified to testify on neurological matters, no later than August 26, 1991. Following several extensions of this deadline and repeated failures by petitioner to meet it, the special master filed an Order of Dismissal on December 23, 1991. On January 22, 1992,

petitioner filed a motion for review in the United States Court of Federal Claims. The court remanded the case for a full consideration of the evidence. *Burns v. Department of Health & Human Servs.,* 90–953V, 1992 WL 365410 (Cl.Ct. Feb. 28, 1992).

On March 6, 1992, the special master ordered petitioner to file a detailed affidavit and curriculum vitae of a qualified medical expert. Petitioner complied with the special master's order. The special master also convened an evidentiary hearing to permit petitioner to present factual testimony.

On November 6, 1992, the special master issued a written decision denying an award of compensation. *Burns v. Department of Health & Human Servs.,* No. 90–953V, 1992 WL 365410 (Cl.Ct.Sp.Mstr. Nov. 6, 1992). The special master found petitioner's testimony inconsistent, unreliable, and in conflict with the contemporaneous medical records. The special master determined that it would not be appropriate to take the testimony of petitioner's medical expert, because it expressed only the "possibility—not the probability—of the occurrence of a compensable injury." *LaCour v. Department of Health & Human Servs.,* No. 90–316V, slip op. at 8, 1991 WL 66579 (Cl.Ct.Sp.Mstr. Apr. 15, 1991). The United States Court of Federal Claims affirmed the special master's decision. *Burns v. Department of Health & Human Servs.,* No. 90–953V (Ct.Fed.Cl. Dec. 22, 1992).

## DISCUSSION

The Court of Federal Claims may only set aside findings of fact or conclusions of law if it determines that they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 42 U.S.C. § 300aa–12(e)(2) (Supp. III 1991). This court has recognized that this is a "highly deferential standard of review." *Hines v. Department of Health & Human Servs.,* 940 F.2d 1518, 1528 (Fed.Cir.1991). Specifically, "[i]f the special master has considered the relevant evidence of record, drawn plausible inferences and articulated a rational basis for the decision, reversible error will be extremely difficult to demonstrate." *Id.*

■ Petitioner asserts that the special master erred by not considering all the evidence. She points to the special master's decision not to hold an additional evidentiary hearing to consider the testimony of her medical expert. A special master, however, has wide discretion in conducting the proceedings in a case. Vaccine Rule 3(b), Vaccine Rules of Office of Special Masters; *Murphy v. Department of Health & Human Servs.*, 23 Cl.Ct. 726, 730 (1991), *aff'd*, 968 F.2d 1226 (Fed.Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 463, 121 L.Ed.2d 371 (1992).

The special master considered the evidence as required by the trial court on remand. The special master heard petitioner's testimony and examined the medical records which showed that petitioner's injury occurred more than a year after the vaccination. On the basis of thorough and careful consideration, the special master concluded:

> Because of petitioner's inconsistent affidavits and her expressed recognition of the difficulties of remembering specific dates of events that happened so long ago, [I] give greater credence and weight to the contemporaneous medical records filed in this matter.

*Burns v. Department of Health & Human Servs.*, No. 90–953V, slip op. at 12. Such a determination of credibility is uniquely within the purview of the special master. *Richardson v. Department of Health & Human Servs.*, 23 Cl.Ct. 674, 678 (1991). *See also Hines*, 940 F.2d at 1527.

The special master followed this court's instruction in *Cucuras:*

> Moreover the Supreme Court counsels that oral testimony in conflict with contemporaneous documentary evidence deserves little weight. *United States v. United States Gypsum Co.*, 333 U.S. 364, 396 [68 S.Ct. 525, 542, 92 L.Ed. 746] (1947). This court's predecessor adopted the same principle. *Montgomery Coca Cola Bottling Co. v. United States*, 615 F.2d 1318, 1328 (Ct.Cl.1980).
>
> Medical records, in general, warrant consideration as trustworthy evidence. The records contain information supplied to or by health professionals to facilitate diagnosis and treatment of medical conditions. With proper treatment hanging in the balance, accuracy has an extra premium. These records are also generally contemporaneous to the medical events.

*Cucuras v. Department of Health & Human Servs.*, 993 F.2d 1525, 1528 (Fed.Cir.1993). Accordingly, the special master did not err in accepting the contemporaneous medical records over the testimony of fact witnesses.

■ Nor did the special master err in her determination that it was not necessary to take the testimony of petitioner's medical expert. The special master concluded that the expert based his opinion on facts not substantiated by the record. As a result, the special master properly rejected the testimony of petitioner's medical expert. After fully considering the evidence submitted by petitioner, the special master acted within her discretion to determine that an additional hearing on expert medical testimony was not necessary.

AFFIRMED